IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DANNY C. CRAIG, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO: _____ |
| | § | (JURY DEMAND) |
| AMERICAN EQUIPMENT COMPANY, | § | |
| INC. D/B/A AMECO | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DANNY C. CRAIG, Plaintiff, complaining of American Equipment Company, Inc. d/b/a AMECO, Defendant, and would respectfully show:

**PARTIES**

1.     Plaintiff Danny C. Craig is a citizen of Texas as well as the United States and has been domiciled at all material times in Smith County, Texas.

2.     Defendant American Equipment Company, Inc. d/b/a AMECO is a South Carolina corporation doing business in Texas with its principal place of business in a State other than Texas.

3.     Defendant American Equipment Company, Inc. d/b/a AMECO may be served with process through its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, TX  78701-3218.

## JURISDICTION AND VENUE

4.      There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

5.      Jurisdiction in this judicial district therefore exists pursuant to 28 U.S.C. §1332.

6.      A substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Texas.  Specifically, the accident made the basis of this lawsuit occurred on or about April 5, 2011 at a facility owned and/or controlled by Defendant American Equipment Company, Inc. d/b/a AMECO located at 427 East Northeast 323, Tyler, Smith County, Texas.

7.      Venue is therefore proper in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. §1391(a)(2).

## NATURE OF THE ACTION

8.      The events giving rise to this lawsuit occurred on or about April 5, 2011 on premises owned and/or controlled by Defendant American Equipment Company, Inc. d/b/a AMECO.  As set forth below, Plaintiff's cause of action arises out of an accident wherein the negligent conduct of Defendant was a proximate cause of the accident and Plaintiff's resulting injuries and damages.

9.      On April 5, 2011, Plaintiff Danny C. Craig was employed as a truck driver for Southeastern Freight Lines, Inc. and entered Defendant's facility to deliver four welding machines.  Each of the welding machines weighed approximately 2,000 lbs.  At the time of the accident, one of Defendant's employees was using a "SkyTrak" fork lift to unload one of the welding machines from Plaintiff's trailer.  Suddenly and unexpectedly, the welding machine fell

sideways and to the right, pinning Plaintiff against the inside wall of the trailer and causing severe injuries to his left leg and body generally.

10.     Plaintiff would show that Defendant's conduct through its employees or agents as set forth herein and otherwise, constituted negligence by act or omission, each and all of which were a proximate cause of the occurrence or injury in question and Plaintiff's damages resulting from the occurrence or injury in question

11.     American Equipment Company, Inc. d/b/a AMECO failed to use ordinary care in hiring, training, and supervising its employees in the securing, lifting and transport of equipment such as the welding machine in question, and such failure was a proximate cause of this accident and Plaintiff's resulting injuries and damages.

12.     Whenever in this Complaint it is alleged that Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives may have done such act or thing and at the time the act or thing was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course of employment of the Defendant's officers, agents, servants, employees or representatives.

13.     Plaintiff bases his causes of action in part upon negligence or negligence per se as these terms are defined under the common law and statutes of Texas and the doctrines of respondeat superior is invoked where applicable

14.     All conditions precedent to the filing of this lawsuit and bringing said causes of action have been performed or have occurred.

## **DAMAGES**

15.     Plaintiff has sustained damages in the past and will continue to sustain damages as a result of Defendant's conduct for the balance of his nature life.

16.     These damages include those damages resulting to Plaintiff conditioned as he was at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

17.     These damages include physical pain, mental anguish, loss of earnings or earning capacity, disfigurement, physical impairment, mental impairment, and reasonable expenses for necessary health care including rehabilitative services and devices resulting from the injuries sustained in the occurrence in question.

18.     These damages include any subsequent aggravation of the injuries sustained in the occurrence in question.

## JURY DEMAND

19.     Pursuant to F. R. C. P. 38 Plaintiff requests trial by jury on all issues triable of right by a jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant and demands a trial by jury.

Respectfully submitted,

ROBERTS & ROBERTS

BY: _____

MICHAEL ACE
Bar No. 00828800
RANDELL C. ROBERTS
Bar No. 17016490
118 W. Fourth
Tyler, TX  75701-4000
Ph:    (903) 597-6655
Fax:    (903) 597-1600
Attorney for Plaintiff